LEON LEMLE and HENRY C. LEMLE, Respondents, *v.* C. H. M. BUILDING CORPORATION and FRANK HABECK, Appellants.

First Department, November 27, 1936.

*Thomas F. McCarthy* of counsel, for the appellants.

*William Schwartz* of counsel, for the respondents.

PER CURIAM. There was sufficient testimony adduced to indicate that the proposed purchasers had funds available to carry out the contract of sale. The judgment, therefore, should be affirmed as to the corporate defendant.

A different situation presents itself, however, in the case of the individual defendant Habeck. There is no doubt but that the latter in arranging for the sale of the property was acting as an officer of the corporate defendant with the full and complete knowledge of the plaintiffs. Furthermore, before there was any breach of contract on the part of the seller, the plaintiffs entered into a brokerage agreement with the corporation which indicated without question that they knew the principal for whom they were acting. While that agreement was *nudum pactum* in so far as it attempted to deprive the brokers of their right to commissions already earned, it nevertheless was conclusive evidence of an intention on the part of the brokers to look for payment to the corporate defendant only.

Accordingly, the judgment against the corporate defendant, C. H. M. Building Corporation, should be affirmed, with costs to the plaintiffs against said defendant, and the judgment in plaintiffs' favor against the individual defendant, Frank Habeck, should be reversed, with costs to said defendant against plaintiffs, and the complaint dismissed as to said defendant, with costs.

Present — MARTIN, P. J., TOWNLEY, GLENNON, UNTERMYER and COHN, JJ.

Judgment against the corporate defendant, C. H. M. Building Corporation, unanimously affirmed, with costs to the plaintiffs against said defendant, and the judgment in plaintiffs' favor against the individual defendant, Frank Habeck, unanimously reversed, with costs to said defendant against plaintiffs, and the complaint dismissed as to said defendant, with costs.